UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CHAPTER 11 CASES |
| | § | |
| DIVERSE ENERGY SYSTEMS, LLC, | § | CASE NO. 15-34736 |
| d/b/a LEAN TECHNOLOGIES, LLC, et al., | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | Jointly Administered Under |
| | § | Case No. 15-34736-H5-11 |
| Debtors. | § | |
| | § | |

**OBJECTION OF NATIONS FUND I, LLC
TO DEBTORS' REQUEST FOR THE ENTRY OF AN ORDER GRANTING
STALKING HORSE PROTECTIONS TO CIMARRON ENERGY, INC.**

Relates to Docket Numbers 178, 212, 265 and 286

Schedule for Hearing: January 4, 2016, at 2:30 p.m. CST

TO THE HONORABLE KAREN K. BROWN, UNITED STATES BANKRUPTCY JUDGE:

Nations Fund I, LLC ("**Nations**") hereby files this *Objection of Nations Fund I, LLC to Debtors' Request for the Entry of an Order Granting Staking Horse Protections to Cimarron Energy, Inc.* (the "**Objection**"), and in support thereof respectfully represents:

**BRIEF BACKGROUND**

1.  On September 7, 2015 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States

Code (the "**Bankruptcy Code**").  By Order dated September 10, 2015 [Docket No. 37], the Debtors' cases are being jointly administered.

2. Prior to the Petition Date, on December 29, 2014, one of the Debtors, Diverse Energy Systems, LLC d/b/a Lean Technologies, LLC ("**Diverse**"), and Nations entered into that certain Master Lease Agreement, as supplemented and modified from time to time (the "**MLA**").

3. Nations and Diverse entered into a *Stipulation Re Adequate Protection – Nations Fund I, LLC; and Order Thereon* [Docket No. 35] (the "**Adequate Protection Stipulation**"), which was entered by the Court on September 10, 2015.

## SALE PROCESS

4. On November 19, 2015, the Court entered its *Order Granting Debtors' Motion to Establish Bid Procedures and to Sell Certain Assets of the Estate Free and Clear of Liens, Claims, Encumbrances and Other Interests, etc.* [Docket No. 212] (the "**Procedures Order**").

5. The various deadlines and dates provided for in the Procedures Order, and Exhibit A thereto, have been changed by subsequent Order of the Court [Docket No. 265] – as noted in the following paragraph.

6. Pursuant to the Procedures Order, and specifically, paragraph 5: *If a stalking horse bid is selected by Debtors from Qualified Bids, Debtors shall file a notice attaching thereto the stalking horse bid on or before December 10, 2015, at 12:00 p.m. (CST)* [changed to December 29, 2015]*. In the event Debtors file such notice of a stalking horse bid, an expedited hearing shall be held on December 14, 2015, at 10: a.m. (CST)* [changed to January 4, 2016] *for the Court to consider approval of the stalking hose bid, including the terms and conditions thereof.*

2

53477/0008-12650043v1

7. Exhibit A to the Procedures Order, and specifically, paragraph 5, provides, *inter alia*, that the Qualified Bids (which includes that of the proposed Stalking Horse – in this case, Cimarron Energy, Inc. ("**Cimarron**")) include:

   a. An Asset Purchase Agreement ("APA") on the Form APA attached relating to the Sale Motion executed by and enforceable against the Qualified Bidder, constituting a binding and enforceable offer to purchase the Assets subject only to Bankruptcy Court approval. Each Bid shall also be accompanied by a redline copy showing any changes to the Form APA proposed by the Qualified Bidder and shall specifically identify (i} the Bidder, (ii) the amount of the Bid offered for the Assets including a description of the assets proposed to be purchased, and (iii) all unexpired leases and executory contracts to be assumed and/or assigned in connection with the Bidder's purchase offer.

   b. Sufficient financial statements and/or letter of credit from a lending institution displaying the bidder's ability to close the transaction. Such financial qualification shall demonstrate to the satisfaction of Seller the bidder's financial ability to consummate its initial Bid (and any subsequent Bids reasonably expected to be received by Seller and close its proposed transaction).

   c. Signed statement that the bidder has no financial or due diligence contingencies and that the bidder understands that the sale of the Seller's Assets is on an AS- IS, WHERE-IS, WITH ALL FAULTS basis.

   d. Signed Confidentiality Agreement with Seller regarding the Seller's Assets.

   e. Transferred to Seller's bankruptcy counsel a cash deposit, to be held in trust in the amount of $250,000.00 (the "Qualified Bidder Deposit") according to the following wire instructions:

8. On December 29, 2015, the Debtors filed their *Notice of Designation of Stalking Horse* [Docket No. 286] (the "**Designation Notice**"). The Designation Notice provide that the Cimarron is the proposed Stalking Horse, to whom the Debtors seek to provide *bidding protections*.

53477/0008-12650043v1

9. On December 31, 2015, at 11:49 a.m. (CST) the Debtors served Nations, and certain other interested parties, with a draft of the Stalking Horse APA (the "**Draft APA**") and other proposed exhibits for the hearing currently scheduled for January 4, 2016[1].

**OBJECTIONS**

10. The Designation Notice while timely filed and served, did <u>not</u> attach a copy of the APA, as provided for in paragraph 5 of the Procedures Order. Rather, two days late the Debtors served the Draft APA. See, Procedures Order, at paragraph 5.

11. The Draft APA and the various exhibits served on December 31, 2015, do not satisfy the Debtors' obligations pursuant to the Procedures Order, for a host of reasons:

    a. The Draft APA is <u>not</u> executed by Cimarron, notwithstanding the requirement that the APA be *executed by and enforceable against the Qualified Bidder*. See, Exhibit A, Procedures Order, at paragraph 5.a.

    b. The Draft APA is <u>not</u> accompanied by a *redline copy showing any changes to the Form APA*. See, Exhibit A, Procedures Order, at paragraph 5.a.

    c. The Draft APA is <u>not</u> accompanied by *Sufficient financial statements and/or letter of credit from a lending institution displaying the bidder's ability to close the transaction.* See, Exhibit A, Procedures Order, at paragraph 5.b.

    d. The Draft APA is <u>not</u> accompanied by *Signed statement that the bidder has no financial or due diligence contingencies and that the bidder understands that the sale of the Seller's Assets is on an AS-IS, WHERE-IS, WITH ALL FAULTS basis.* See, Exhibit A, Procedures Order, at paragraph 5.c.

---

[1] On December 31, 2015, beginning at 11:49 a.m. (CST) the Debtors served 24 different exhibits in support of the matters on the Court's calendar for January 4, 2016.

53477/0008-12650043v1

e. The Draft APA is <u>not</u> accompanied by evidence that the Debtors' counsel has received *a cash deposit, to be held in trust in the amount of $250,000.00.* See, Exhibit A, Procedures Order, at paragraph 5.e.

12. To serve, mid-day on New Years' Eve several hundred pages of documents, including the Draft APA (consisting of 42 pages), and Exhibits to the Draft APA (consisting of 162 pages), for a hearing on the first business day of the New Year – January 4, 2016 – is absolutely unreasonable.

13. To seek approval of Stalking Horse Protections for Cimarron, who has not executed the Draft APA or presented the minimal evidence this Court has required to be a Qualified Bidder, should, be the basis for denying bid protections to Cimarron, or at a minimum, continuing the currently scheduled hearing.

14. It is the Debtors burden to establish that Cimarron is entitled to bid protections under the circumstances of these Cases. The Debtors have not filed a single pleading outlining the efforts actually undertaken to procure Cimarron as a Stalking Horse and that warrant providing bidding protections to Cimarron. While the original motion seeking the Procedures Order outlined what the Debtors intended to do, this Court has not been presented evidence or argument, by the Debtors, which demonstrates that it is appropriate to provide Cimarron with any protections.

15. Notwithstanding serving several hundred pages of documents, it is the Debtors who must coherently present to the Court the basis for providing such protections to Cimarron. Since no pleading detailing the Debtors' arguments has been presented, it can only be assumed that the Debtors intend to do so *on the fly*, at the hearing on January 4, 2016. Neither the Court

nor Creditors should be put in a position of having to guess at how to prepare for such a significant hearing.

WHEREFORE, for the reasons set forth herein, Nations respectfully requests that the Court enter an Order denying Bid Protections for Cimarron.

Respectfully submitted,

Dated: December 31, 2015

By: */s/ Michael D. Warner*
    Michael D. Warner, Esq. (Bar No. 00792304)
    **COLE SCHOTZ P.C.**
    301 Commerce Street, Suite 1700
    Fort Worth, Texas  76102
    Tel: (817) 810-5250
    Fax: (817) 810-5255
    Email: mwarner@coleschotz.com

*Attorneys for Nations Fund I, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading has been served upon all parties that are registered to receive electronic service through the court's ECF notice system in the above case on this 31st day of December, 2015.

/s/ *Michael D. Warner*
Michael D. Warner